## Dunn, survivor, *v.* Newman.

The plaintiff in execution may proceed, by motion, against the sheriff alone, for failing to pay over money collected.

If the attorney's fees have been paid, his direction to the sheriff not to pay over money collected, cannot prevail against the demand of the plaintiff.

The attorney has no other right than that of an agent.

IN ERROR from the circuit court of the county of Adams.

SANDERS for plaintiff in error.

MONTGOMERY & BOYD, contra.

*Per Curiam.*

The plaintiff made his motion in the circuit court of Adams county against the defendant, as sheriff, for failing to pay over money collected under an execution, the same having been demanded by the plaintiff.

On the trial of the motion, the execution was introduced, on which the sheriff had made his return, by which it appeared that he had made a levy on a negro girl. A witness was introduced who proved that a demand was made by the plaintiff, the administrator of the deceased partner being also present, urging the payment to the plaintiff. The defendant furnished a written statement, by which he admitted the amount collected to be six hundred and forty-six dollars and seventy-two cents. But he refused to pay it over, because he had been directed by Vannerson & Baker, the attorneys in the case, not to do so; and this was his only ground of refusal, in which he persisted, although informed that the attorneys' fees had been paid. On this state of facts, the plaintiff prayed the court for a judgment, but the motion was

Dunn, survivor, *v.* Newman.

resisted, as appears by the bill of exceptions, because the motion was not made against the sheriff and his sureties, and because the plaintiff did not claim damages; and the motion was overruled.

The statute gives the plaintiff a remedy against the sheriff and his sureties, but, as it is only for his security or indemnity, he may proceed against the sheriff alone if he chooses, and so may he claim damages or not, at his election. It must be also clear that a mere notice to the sheriff, by the attorneys of record, is not sufficient to justify him in refusing to pay the money collected under execution to the plaintiff. This would make the right of the attorney paramount to that of the plaintiff. So far as the attorney's lien for fees went, he might be justified, but beyond that the plaintiff is certainly entitled to receive it, and a mere notice from the attorney is no excuse against the plaintiff's legal right.

It would seem, from a receipt on the execution, that, after the motion was overruled, the sheriff paid the money to the attorneys; but this cannot make a judgment correct which was erroneous when rendered. We must look at the case as it was presented to the court below. The only question is, did the case justify the judgment?

The sheriff, at the hearing of the motion, had the money in his possession; it was not even in court, and certainly he was bound to pay it over, when demanded, by express provision of the statute; and, having failed to do so, a judgment should have been rendered against him.

If we were compelled to decide between the plaintiff and his attorney, I should certainly not hesitate to give the preference to the plaintiff, although payment to either would be good. So that if both had been present, demanding it at the same time, the plaintiff's right would have been undoubted. Beyond the mere commissions, it is difficult to perceive how a dispute between client and attorney could result otherwise than in favor of the client. If the attorney fails to pay over money, the court, on motion, will compel him to do so; and certainly it should not justify the sheriff in refusing to do that which he may legally do, and which the attorney himself would be bound to do. The

attorney has no other right than as agent, and can do nothing to defeat the right of his client.

Judgment reversed, and judgment for plaintiff in error.

Mr. Justice TURNER, dissenting.

It appears from the record that the defendant, Newman, was the sheriff of Adams county, in 1840; that an execution came to his hands in a case wherein Dunn, survivor, &c. was plaintiff, and McCrory, Harris & Marsh were defendants; that Vannerson & Baker were plaintiff's attorney, and had collected part of their client's money in the case; that on the 25th of November, 1840, the sheriff, Newman, collected the balance of the plaintiff's money, on which day the plaintiff, Dunn, demanded the money of the sheriff, who refused to pay it to him, unless directed by the court, (the circuit court of said county then in session, and to which court the execution was returnable,) and gave as his reason for such refusal, that the plaintiff's attorneys, Vannerson & Baker, had directed him not to pay over the money to the plaintiff; that Vannerson & Baker had been requested by Mr. Thatcher, known to be an attorney at law of that court, not to pay over the money to the plaintiff, Dunn, as he was about to file a bill for one Foley, who claimed part of the money, until Foley's claim could be settled; that Dunn, by other counsel than Vannerson & Baker, moved the court for a rule against the sheriff for not paying over the money, which motion was overruled by the court on the 19th of December; that on the 21st of December the sheriff paid over the money to Vannerson & Baker, and three days after this appeal was prayed and granted.

The motion against the sheriff was not made for any thing more than the principal sum only and legal interest, not for any of the penalties prescribed by law, and seems to have been an amicable appeal to the court to settle the question as to whom the money should be paid, whether to the plaintiff or to his attorney of record; and the court, by overruling the motion against the sheriff, virtually determined that the plaintiff's money should be paid to the plaintiff's attorneys, and acquitted the sheriff of the supposed contempt, if it could possibly be considered a contempt in a sheriff refusing to pay over money when a doubt existed as to the proper

Dunn, survivor, *v*. Newman.

person to whom he should pay it, until the court should decide between them.

It will be remarked, that from the time the sheriff received the money, to the time the appeal was taken, the court was in session.

This is not the case of a demand made in vacation, under the statute of 1828. That statute requires the sheriff to pay over money made on execution, whenever demanded, to the plaintiff or his attorney.

It appears to me that there is no circumstance in the case tending to criminate the sheriff for negligence, much less for any intentional wrong. But that the sheriff, being highly responsible for neglect of duty, was desirous of acting in strict obedience to the court; and I am of opinion that the court did not err in the judgment rendered, overruling the motion against the sheriff.

When a difficulty arises between a party and his attorney of record in relation to a suit pending in court, it is the duty of the court, when called on, to decide between them; and in many cases this may be done on motion.

The court has uniformly decided, as far as I am informed, that a party cannot dismiss his attorney without leave of the court. A party in court chooses his attorney; and when suit is brought, his case is said to be in the hands of the law. An attorney and counsellor at law is licensed, on evidence of qualification and good moral character, and he is a sworn officer of court. He is immediately responsible to the court for his conduct. He may be fined by the court, and his client may recover thirty per cent. damages of him for unlawfully detaining his money. The attorney's license may be revoked, and he is subject to indictment, in certain cases of misdemeanor, as an attorney and counsellor at law. How. & Hutch. Digest, 281.

And whilst under these high responsibilities, it is the duty of the court to protect the rights of their officers. It often happens that our attorneys give receipts for the claims which they are employed to collect. It is proper, therefore, that they should collect the money, pay over what is due their clients, and take up their receipts. And many other reasons might be given for the rights and privileges of this class of officers. These rights and privi-

Dunn, survivor, *v.* Newman.

leges are for the good of the community and the regularity of business.

I am advised that it was decided, years ago, in our supreme court, that where the sheriff makes the money on an execution, and a dispute arises between a creditor and his attorney about the receipt of it, the sheriff should pay the money to the attorney in preference to the client, and the court, on motion, would see justice done between them; and for that purpose the law has subjected the attorney to severe penalties if he disregards his duty and abuses his office. And under the statute of 1828, a payment is to be made to the party or his attorney; and payment to either is good.

If a different rule is now to prevail, it will have a retrospective operation. I should therefore prefer that the legislature should change the rule, and then it will operate prospectively, and no one can be entrapped.

I am aware that a different rule prevails in other states; but I think it more safe to follow our own established rules, until altered by legislative authority, than look to other countries for mere rules of practice.

I am therefore of opinion, that the judgment of the court below should be affirmed.